People v Dixon (2020 NY Slip Op 02934)





People v Dixon


2020 NY Slip Op 02934


Decided on May 20, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2018-02506
 (Ind. No. 1208/16)

[*1]The People of the State of New York, respondent,
v
Rysheek Dixon, appellant.


Paul Skip Laisure, New York, NY (Tammy E. Linn of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Gamaliel Marrero of counsel; Isaac Belenkiy on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Dineen Ann Riviezzo, J.), imposed December 19, 2017, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The record does not establish that the defendant knowingly, voluntarily, and intelligently waived his right to appeal inasmuch as the Supreme Court mischaracterized the nature of the appeal waiver by stating that the defendant's sentence and conviction would be final, and the written waiver did not remedy the deficiencies in the appeal waiver colloquy (see People v Thomas, ___ NY3d ___, 2019 NY Slip Op 08545, *6-7; People v Bradshaw, 18 NY3d 257, 259). Thus, the purported waiver does not preclude this Court's review of the defendant's excessive sentence claim (see People v Fuller, 163 AD3d 715, 715).
However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., AUSTIN, ROMAN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court