People v Carchi (2020 NY Slip Op 07909)





People v Carchi


2020 NY Slip Op 07909


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2019-01728
 (Ind. No. 7802/18)

[*1]The People of the State of New York, respondent,
v
Jason Carchi, appellant.


Paul Skip Laisure, New York, NY (Nao Terai of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Solomon Neubort of counsel; Isaac Belenkiy on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Sharen D. Hudson, J.), imposed November 29, 2018, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
Contrary to the People's contention, the record does not establish that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Bradshaw, 18 NY3d 257). The Supreme Court mischaracterized the nature of the right to appeal by stating that the defendant's sentence and conviction would be final (see People v Thomas, 34 NY3d 545, 561-565), "and the written waiver form did not overcome the ambiguities in the court's explanation of the right to appeal, as it did not contain clarifying language that appellate review remained available for select issues" (People v Wallace, 187 AD3d 1071, 1071; see People v Dixon, 183 AD3d 837). Thus, the purported waiver does not preclude appellate review of the defendant's contention that the sentence imposed was excessive.
However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., CHAMBERS, AUSTIN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court